IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Phillip Reeves,<br><br>　　　　　　Plaintiff,<br>　　Vs.<br><br>Michael Callison; Douglas Richardson; Patrick Coley,<br><br>　　　　　　　　Defendants. | Civil Action No. 6:26-cv-1343-CMC<br><br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, alleging Defendants fabricated evidence against him and wrongfully initiated criminal proceedings, in violation of his Fourteenth Amendment rights. Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On April 28, 2026, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. Dkt. No. 8. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed two identical documents titled Objections to Report and Recommendation. Dkt. Nos. 16, 18. He also filed a motion for copies. Dkt. No. 19.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Complaint be dismissed as duplicative of a previously filed case, *Reeves v. Richardson*, C/A No. 6:25-13499, which has been dismissed. Dkt. No. 8 at 3.The Magistrate Judge noted fabrication of evidence claims cannot be brought until after criminal proceedings have been resolved. *Id.* at 4. Finally, Plaintiff's Fourth Amendment claim fails because Plaintiff was arrested pursuant to an arrest warrant and grand jury indictment, showing probable cause. *Id.* at 5.

Plaintiff objects to the Report, arguing the court's "many attempts to dismiss plaintiff's claims are quoting noncontrolling caselaw from the nineteen hundreds." Dkt. No. 16 at 1. He objects to the quote from the Supreme Court in *McDonough v. Smith*, 588 U.S. 109 (2019), stating a fabrication of evidence claim can only proceed after plaintiff's criminal proceedings have terminated in his favor. Plaintiff contends *McDonough* controls the statute of limitations only. He also asserts he does not bring a malicious prosecution claim, but Fourth and Fourteenth Amendment claims for false arrest and fabricated evidence. *Id.* Plaintiff details his arrest and "objects to the officials probable cause standard." *Id.* at 2. He discusses South Carolina Legislature and Attorney General opinions, then objects to the Report's finding a grand jury indictment is

2

affirmative evidence of probable cause. *Id.* at 3. He continues to discuss the facts of his criminal prosecution. *Id.* at 4-5.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's objections, the court agrees with the Report and adopts it by reference herein. *McDonough* holds plaintiff "could not bring his fabricated evidence claim under § 1983 prior to favorable termination of his prosecution," under *Heck v. Humphrey*, 512 U.S. 477 (1994). Further, Plaintiff's discussion and arguments regarding the factual underpinnings of his state criminal case show exactly why his current claims cannot be brought until after the criminal proceedings against him have concluded – many of the same facts are involved, and the federal courts cannot interfere with a state criminal prosecution. *See Younger v. Harris*, 401 U.S. 37 (1971). Finally, the court agrees this case is duplicative of Plaintiff's prior case against the same Defendants, and should also be dismissed for that reason.

For the reasons above, the court dismisses this action without prejudice and without issuance and service of process.[1]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 7, 2026

---

[1] As this action is dismissed, Plaintiff's motion for copies (Dkt. No. 19) is denied as moot.

3